IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31428
Summary Calendar
_____

ELAINE F. GRANT, on behalf of herself
and her minor daughter Ashton K. Grant,

                                        Plaintiff-Appellant,

versus

ST. JAMES PARISH SCHOOL BOARD;
LOUISIANA DEPARTMENT OF EDUCATION;
LOUISIANA STATE BOARD OF ELEMENTARY
AND SECONDARY EDUCATION,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3757-N
--------------------
August 23, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Elaine F. Grant (Mrs. Grant), on behalf of herself and her

minor daughter Ashton K. Grant (Ashton), appeals the district

court's grant of summary judgment for the defendants in this

action under the Individuals with Disabilities Education Act

(IDEA), 20 U.S.C. §1400, et seq.; Section 504 of the

Rehabilitation Act of 1973 (§ 504), 29 U.S.C. §794; and the

Louisiana Dyslexia Law, La. R.S. 17:7(11).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

When a district court reviews a state hearing officer's decision in a due process hearing under the IDEA, it must accord due weight to the hearing officer's findings, but must reach an independent decision based on a preponderance of the evidence. The district court's review is essentially de novo. Houston Indep. School Dist. v. Bobby R., 200 F.3d 341, 347 (5th Cir.), cert. denied, 121 S. Ct. 55 (2000). This court's review of the district court is a mixed question of fact and law that is reviewed de novo. The underlying fact-findings, such as a finding that a disabled student obtained educational benefits, are reviewed for clear error. Id.

Appellant argues that the evidence is insufficient to create an inference that St. James Parish schools provided a free, appropriate public education (FAPE) to Ashton. She argues that the administrative record is devoid of any documentation or testimony showing that Ashton received Project Read, a structured multi-sensory language program.

The evidence in the administrative record shows that Ashton successfully progressed in the school system from grade seven to grade 12 with mostly A's and B's, and passed the LEAP and GEE tests. Her Project Read teacher testified that Ashton showed improvement, and that she was efficient and capable to the point where the teacher wondered why she needed the remediation. The evidence shows that Ashton received an educational benefit and that she received a free and appropriate education. See Bobby R., 200 F.3d at 345-50. There is no evidence that Ashton was denied access to an educational program or that the school

district refused to provide reasonable accommodations for Ashton to receive the full benefits of the school program under § 504. Marvin H. v. Austin Indep. School Dist., 714 F.2d 1348, 1356 (5th Cir. 1983).

Appellant argues that the district court failed to fully appreciate the manner in which Louisiana's Dyslexia Law incorporates both the IDEA and Section 504. She argues that Louisiana's Dyslexia Law synthesizes the IDEA and § 504 and that the IDEA's definition of special education and the requirements of Bulletin 1903, and the regulations implementing the Louisiana Dyslexia Law, result in a dyslexic student falling under the protections of the IDEA. Appellant cites no law to support this argument.

Pamela Zeringue, the director of special education services, explained that special education is a step further than § 504 and that no one, not Mrs. Grant, nor the 1903 Committee, nor any of Ashton's teachers had ever made a request to evaluate Ashton under the IDEA for special education services. She further testified that Ashton's school records did not indicate that such a request should have been made for her. Dr. Greene's report did not recommend special education services but mentioned only § 504 and Bulletin 1903 and interventions within the regular education setting.

Louisiana law does not require evaluation for special education services under the IDEA unless specifically requested. Salley v. St. Tammany Parish School Bd., 57 F.3d 458, 464 (5th Cir. 1995). The fact that Ashton was diagnosed with dyslexia is

not sufficient in itself to qualify her under the IDEA.  Her impairment must have been deemed sufficiently serious to necessitate special education services.  20 U.S.C. § 1401(3)(A)(ii).  Appellant has not shown that a request for evaluation under the IDEA was ever made or should have been made.  She has cited no authority for her argument that she was automatically qualified by reason of her diagnosis with dyslexia.

Appellant argues that the district court failed to recognize the legal gravity of the state's failure to meet the procedural requirements of the IDEA, Louisiana's Educational Opportunities for Children with Exceptionalities Act, and Section 504 of the Rehabilitation Act of 1973.  She contends that the State Level Review Panel's failure to render a decision in this matter for "lack of jurisdiction" was a flagrant violation of the procedural safeguards guaranteed therein.

Appellant does not deny that she was afforded a due process hearing and review by the state level review panel as required under Bulletin 1706.  Ashton was afforded the processes required by the state pursuant to § 1415 of the IDEA and the Regulations for Implementation of the Exceptional Children's Act, Bulletin 1706, of the Louisiana Department of Education, which implements administrative review procedures in Louisiana.  Ashton received a due process hearing and a state level review panel decision and was able to bring her suit in federal court seeking review of the state agency's decision.  No further process is due.

Appellant argues that the district court failed to appreciate the gravity of a student suffering from a mild to

moderate degree of dyslexia.  She contends that she was five grades behind in her reading ability due to her dyslexia, and that St. James Parish Schools has never offered any evidence to refute her sixth grade reading level.  She contends that her degree of dyslexia is an impairment that substantially limits a major life activity, and that therefore, the district court erred in assessing her degree of impairment.

Appellant does not explain exactly how this alleged failure affects the district court's ultimate determination.  The defendants were not required to maximize her educational potential.  Bobby R., 200 F.3d at 350.  The inquiry is whether she has received an educational benefit.  Id. at 346-47.  Although Dr. Hoppe's testing showed that Ashton read at a sixth grade level, he could not and did not deny that she progressed to a high school level in spelling and post high school in math; that she had above average grades and had passed all the objective measures of performance required to advance and graduate in Louisiana; that she had improved in most areas since 1994; and that she had the potential to go to college.  The district court's decision was based on Ashton's educational achievements and not on any characterization of the degree of her disability.

AFFIRMED.